MEMORANDUM OPINION

Nos. 04-05-00878-CR, 04-05-00879-CR, 04-05-00880-CR, 

04-05-00881-CR & 04-05-00882-CR


Robert Cleve SALO,

Appellant

v.

The STATE of Texas,

Appellee

From the 216th Judicial District Court, Bandera County, Texas

Trial Court Nos. BACR-05-040, BACR-05-079, 3733-04, 3734-04 & BACR-05-039

Honorable Stephen B. Ables, Judge Presiding




Opinion by: Catherine Stone, Justice



Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Karen Angelini, Justice



Delivered and Filed: December 6, 2006

AFFIRMED Robert Cleve Salo waived a jury trial and pleaded guilty to five offenses involving the manufacture and
possession of methamphetamine. The trial court sentenced Salo to twenty years confinement on the aggravated
manufacturing charge, and ten years confinement on the second and third degree felony charges. On appeal, Salo argues
that he received ineffective assistance of counsel. After reviewing the record, we conclude the record contains insufficient
evidence to hold that Salo received ineffective assistance of counsel. We therefore affirm the trial court's judgments. 

Discussion

 On appeal, Salo argues that he was denied effective assistance of counsel. Specifically, he contends that his counsel was
deficient for failing to file any pre-trial motions, for failing to request any discovery, and for arguing that Salo should be
placed on probation when probation was not an option. Additionally, Salo alleges that his attorney was under the influence
of alcohol at various times during his representation.

 To reverse a criminal defendant's conviction on ineffective assistance grounds, the defendant must demonstrate by a
preponderance of the evidence that: 1) counsel's performance was so deficient as to fall below an objective standard of
reasonableness; and 2) there is a reasonable probability but for counsel's unprofessional errors, the result of the proceeding
would have been different. Rylander v. State, 101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003) (citing Strickland v.
Washington, 466 U.S. 668, 687 (1984)). A reasonable probability is one sufficient to undermine confidence in the outcome
of the proceeding. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). As a reviewing court, we cannot
speculate as to reasons why Salo's trial counsel acted as he did; rather we must be highly deferential and presume the
counsel's actions fell within the wide range of reasonable and professional assistance. See Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002). As the court in Bone stated, "Ineffective assistance of counsel claims are not built on
retrospective speculation; they must 'be firmly founded in the record'" and the record must affirmatively demonstrate the
alleged ineffectiveness. Id. at 835 (citing Thompson, 9 S.W.3d at 813-14). Generally the trial record will not suffice to
establish an ineffective assistance of counsel claim. Thompson, 9 S.W.3d at 813-14. Additionally, a silent record usually
cannot rebut the presumption that counsel's performance resulted from sound or reasonable trial strategy. Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

 Salo did not file a motion for new trial and no hearing was conducted to review his counsel's strategy. We have searched
the record and found no explanation for the motivation behind his counsel's trial decisions. Because the record is silent as
to all of Salo's complaints, to find his trial counsel ineffective on the basis of the record would require us to speculate,
which we cannot do. Bone, 77 S.W.3d at 830. Therefore, because the record is silent regarding explanations for his
counsel's actions, Salo has failed to overcome the strong presumption that his counsel performed in a reasonably
professional manner. See id. at 833; Thompson, 9 S.W.3d at 813-14. (1)

Conclusion

 We overrule Salo's issues on appeal and affirm the trial court's judgments. 



 Catherine Stone, Justice

Do Not Publish 

1. Our opinion does not preclude the appellant from raising his ineffective assistance claim in an application for
post-conviction writ of habeas corpus filed in the trial court. See Tex. Code Crim. Proc. Ann. art 11.07 (Vernon 2005); see
also Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (noting this would provide an opportunity for a
dedicated hearing to consider the facts, circumstances, and rationale behind trial counsel's actions).